## MAYER vs. WEBSTER and another.

In an action to recover personal property, against the officer who seized the same on execution as the property of a judgment debtor, on whose premises the property was kept, the plaintiff claiming under a sale made by said debtor subsequent to the judgment against him; *Held*, that the evidence for the plaintiff as to the circumstances attending the sale was not sufficient to rebut the presumption of fraud raised by the statute.

APPEAL from the Circuit Court for *Milwaukee* County.

In 1863, the defendant *Webster* was sheriff of said county, and the other defendant, *Wason*, his deputy. One Knox, who

had obtained a judgment in the circuit court for said county against one Allmeyer, caused execution to be issued thereon; under which *Wason*, about the 22d of May, 1863, seized an omnibus as the property of Allmeyer. *Mayer* thereupon brought his action before a justice of the peace to recover possession of the omnibus and damages for its detention. The sheriff took possession of the property under a warrant for that purpose, during the pendency of the action. The justice rendered judgment for the defendants, and the plaintiff appealed to the county court. On the trial in that court, it appeared that the plaintiff claimed the property under a bill of sale from Allmeyer, which was put in evidence, and purported to have been executed on the 16th of May, 1862, and was witnessed by two persons. It included, besides the *omnibus* in question, a two horse wagon. Allmeyer testified that he executed said bill of sale and delivered it to the plaintiff on the day of its date; that at that time witness was indebted to plaintiff in the sum of $138, money loaned to him by plaintiff in several different loans of $50, $46 and $42 respectively, all of them made several months prior to the date of the bill of sale; that from the beginning of 1861, witness had boarded recruits and soldiers in considerable numbers at his house (which was a saloon and boarding house); that he borrowed said money of plaintiff to use in that business, and expended it therein; that he lost money by the business, and was unable, in consequence, to pay the plaintiff except by a sale of the property to him, and therefore sold the same to him, at his request, for $150; that plaintiff accordingly paid him $12 in cash on the day said bill of sale was executed, being the balance of the purchase price; that plaintiff had boarded with witness several years before said sale; that at the time of the sale plaintiff was not indebted to witness in any sum on account of board or anything else; that witness, at plaintiff's request, sold the wagon described in the bill of sale for $39, and paid the money to plaintiff, and this payment was

made before the seizure of the omnibus by *Wason;* that at
the time of said sale, the omnibus was in the shed in the back
yard of the premises belonging to witness, and after the sale it
remained there at plaintiff's request; that after the sale of the
wagon above mentioned, witness, at plaintiff's request, let the
omnibus for hire to divers persons, at $1.75 per day, and re-
ceived the money for the use thereof, amounting in all to $14,
two dollars of which he paid to plaintiff, and applied the re-
mainder, at his request, in part payment of plaintiff's board.—
On cross-examination, the witness testified that at the time he
borrowed moneys from the plaintiff, as mentioned in his direct
examination, he did not give him any note, receipt or paper
writing for the same or any part thereof, nor did plaintiff, at
the time of the sale of said property, give witness any receipt
or acquittance for the payment of said borrowed money,
or any part thereof, because they did not deem it neces-
sary; that plaintiff requested witness to hire out the omni-
bus about two months after the sale, and in the meantime it
remained in the shed on witness's premises; that afterwards
witness moved to another house and took the omnibus with
him there; and that it was standing in the shed on the last
mentioned premises when seized on the execution against him.
Another witness, called for the plaintiff, testified that he was
present at the time of the execution of the bill of sale from
Allmeyer to plaintiff, and was one of the subscribing witnesses;
that soon after the execution and delivery he left the house of
Allmeyer, where the business was transacted; and that he did
not see any of the property described in the bill of sale de-
livered to the plaintiff, nor any money paid by plaintiff to
Allmeyer. Another witness, called for the plaintiff, testified that
in April, 1862, he was a constable in the city of Milwaukee,
and had an execution against Allmeyer delivered to him, by
virtue of which he levied upon the omnibus in question, but
the claim was settled by Allmeyer; and that after the date of

said bill of sale, in the summer and fall of 1862, he frequently saw Allmeyer using the omnibus.

This is all of the evidence which bears upon the question of good faith in the sale of the property in question to the plaintiff. The county court found as facts, *inter alia*, that at the time of the execution of said bill of sale the omnibus was not removed, but was left in the possession of the vendor Allmeyer, until levied upon by virtue of the execution against him; and that it did not appear from the evidence that said sale was made without any intent to defraud the creditors of said Allmeyer. As a conclusion of law, the court held the defendants entitled to judgment for a return of the property, or its value, with damages for its detention, &c. Judgment accordingly; from which the plaintiff appealed.

*E. Fox Cook*, for appellant.

*Thomas M. Knox*, for respondent.

*By the Court*, COLE, J. The county court found that the sale of the chattels in this case was fraudulent and void as to creditors, because there was no actual and continued change of possession of the property sold, and no evidence was offered by the appellant, claiming under the sale, that it was made in good faith and without any intent to defraud. The finding of the court upon this point is most amply sustained by the evidence. It is difficult, on reading the testimony of the vendor as detailed in this record, to resist the conclusion that this whole transaction was a sham, a mere device resorted to by a dishonest debtor to place his property beyond the reach of his creditors. The presumption of fraud, which the statute raises from the fact that there was no actual change of possession of the chattels sold, so far from being rebutted by the evidence, was very much strengthened by all the proof given on the trial.

We think the judgment of the county court is correct, and must be affirmed.